**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BL RESTAURANTS HOLDING, LLC, *et al.*,[1] | ) | Case No. 20-10156 (MFW) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related to Docket No. 454** |

**ORDER APPROVING PROCEDURES FOR THE SALE OF REMAINING LIQUOR LICENSES FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND GRANTING RELATED RELIEF**

Upon the *Debtors' Motion for an Order Approving Procedures for the Sale of Remaining Liquor Licenses Free and Clear of Liens, Claims and Encumbrances and Granting Related Relief* (the "Motion");[2] and it appearing that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding within the meaning of 28 U.S.C. § 157; and it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each of the Debtors' respective federal tax identification numbers, are as follows: BL Restaurants Holding, LLC (6665); BL Restaurant Operations, LLC (7062); BL Restaurant Franchises, LLC (6923); and BL Hunt Valley, LLC (9513). The Debtors' headquarters and mailing address is: 4550 Beltway Drive, Addison, TX 75001.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

2. The Debtors are authorized, but not required, under Bankruptcy Code section 363(b) to sell Liquor Licenses with a purchase price of $75,000 or greater but less than $750,000 in accordance with the following procedures (the "Sale Procedures"):

a. The Debtors will file and serve a notice (the "Sale Notice") of the proposed sale (the "Proposed Sale") by e-mail, if possible, and hand delivery or overnight mail on the following parties or their counsel, if known: (a) the United States Trustee; (b) the Committee; (c) the DIP Lenders; (d) counsel to the Prepetition Second Lien Secured Agent; (e) all known parties holding or asserting liens on or other interests in the Liquor License(s) that are the subject of the Proposed Sale; (f) each governmental unit that issues the Liquor License(s); and (g) all parties that have advised the Debtors' professionals of having an interest in acquiring the Liquor License(s) that are proposed to be sold (collectively the "Interested Parties").

b. The Sale Notice will include the following information with respect to the Proposed Sale:

(i) a description of the Liquor License(s) that are the subject of the Proposed Sale and their location(s);

(ii) the identity of the non-debtor party or parties to the Proposed Sale and any relationships of the non-debtor party or parties with the Debtors;

(iii) the identity of any parties known to the Debtors to hold liens on or other interests in the assets and a statement indicating that all such liens or interests are capable of monetary satisfaction;

(iv) the principal economic terms and conditions of the Proposed Sale; and

(v) instructions consistent with the terms described below regarding the procedures to assert objections to the Proposed Sale.

c. The deadline for filing an objection to the Proposed Sale (a "Sale Objection") shall be seven (7) days after service of the Sale Notice at 4:00 p.m. (prevailing Eastern Time) (the "Sale Objection Deadline"). A Sale Objection will be considered timely only if it is filed with the Court and actually received by the following parties (collectively, the "Objection Notice Parties") on or before the Sale Objection Deadline: (i) the Debtors, 4550 Beltway Drive, Addison, TX 75001, Attn: Howard Meitiner, CRO; (ii) counsel to the Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti (dpacitti@klehr.com) and Michael W. Yurkewicz (myurkewicz@klehr.com); (iii) counsel to the DIP Agent and the Pre-Petition Agent, Latham & Watkins LLP, 330 N. Wabash Ave, Chicago, IL 60611, Attn: James Ktsanes (James.Ktsanes@lw.com) and Young Conaway Stargatt & Taylor, LLP,

Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn: Michael R. Nestor (mnestor@ycst.com) and Andrew L. Magaziner (amagaziner@ycst.com); (iv) counsel to the Prepetition Second Lien Secured Agent, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103, Attn: Barbara J. Shander (barbara.shander@morganlewis.com); (v) counsel to the Committee; Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178, Attn: Jason R. Adams (jadams@kelleydrye.com) and Lauren S. Schlussel (lschlussel@kelleydrye.com) and Womble Bond Dickinson (US) LLP, 1313 N. Market Street, Suite 1200, Wilmington, DDE 19801, Attn: Matthew P. Ward (matthew.ward@wbd-us.com) and Morgan L. Patterson (morgan.patterson@wbd-us.com); and (vi) Office of The United States Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, Attn: David Buchbinder (david.l.buchbinder@usdoj.gov).

d. To the extent that a competing bid is received for the purchase of a Liquor License in a particular Proposed Sale after service of the Sale Notice that, in the Debtors' business judgment and discretion, materially exceeds the value of the consideration described in the Sale Notice for such asset, then the Debtors may file and serve an amended Sale Notice for the Proposed Sale of the applicable asset to the subsequent bidder, even if the proposed purchase price exceeds the Sale Cap. Additionally, if any other material term(s) of a Proposed Sale are amended after transmittal of the Sale Notice, the Debtors shall file a revised Sale Notice and serve it on all Interested Parties describing the Proposed Sale, as amended. If an amended or revised Sale Notice is required (an "Amended Sale Notice"), the Sale Objection Deadline will be extended for an additional five (5) days, the specific date of which will be set forth in the Amended Sale Notice (the "Extended Sale Objection Deadline").

e. Should the Debtors receive any subsequent competing bid(s) after the filing of an Amended Sale Notice that, in the Debtors' business judgment and discretion, materially exceeds the value of the consideration described in the Amended Sale Notice, the Debtors may, after consultation with the Committee, schedule a telephonic auction for the particular Liquor License on no less than 3 days' notice and shall provide notice of such auction to the Interested Parties. Following conclusion of any such auction, the Debtors shall file an Amended Sale Notice regarding the results of the auction.

f. If no Sale Objection is received prior to the expiration of the Sale Objection Deadline or, if applicable, the Extended Sale Objection Deadline, the Debtors shall submit a proposed order approving the Proposed Sale under certification of counsel (the "Proposed Order"). The Proposed Sale will be deemed final and fully authorized by the Court upon the entry of the Proposed Order without further notice or a hearing. Upon entry of the Proposed Order, the Debtors may immediately consummate the sale of the Liquor License(s) identified in the Sale Notice and take any actions that are reasonable and necessary to close the transaction and obtain the sale proceeds, including, but not limited to, paying Commissions to third-party sales agents or brokers.

g. If a Sale Objection is timely filed and received and cannot be resolved consensually, then the Liquor License(s) that is the subject of the Sale Objection will not be sold or transferred except upon order of the Court, after notice and a hearing, or

resolution of the Sale Objection; provided, however, that any Liquor License(s) set forth in the Sale Notice that is not the subject of the Sale Objection may be immediately sold in accordance with the Procedures set forth herein.

h. Sales of Liquor Licenses shall be free and clear of all liens, claims and encumbrances (collectively, "Interests") pursuant to section 363(f) of the Bankruptcy Code, with any such Interests attaching to the net sale proceeds (to the extent the underlying security agreement provides for the continuation of such Interests and the holder of the Interest has not agreed otherwise) with the same force, validity, priority, perfection, and effect as such Interests had on the asset immediately prior to the sale. If a holder of an Interest receives a Sale Notice and does not object within the prescribed time period, such holder will be deemed to have consented to the Proposed Sale

3. Notwithstanding the Sale Procedures set forth above, the Debtors are authorized, but not required, to sell or transfer Liquor Licenses without further notice or hearing if the aggregate consideration for a Liquor Licenses proposed to be sold is less than $75,000 (a "De Minimis Disposition"), provided that the Debtors shall provide the Committee with three (3) business days advance notice of such proposed sale, transfer or abandonment (which notice may be by email to counsel to the Committee). No hearing shall be required if the Committee consents or does not object by providing written notice to the Debtors (which notice may be by email to counsel to the Debtors) prior to expiration of such notice period. To the extent the De Minimis Disposition involves the sale of Liquor Licenses, the Debtors shall submit a proposed order authorizing such De Minimis Disposition free and clear of all liens, claims and encumbrances (collectively, "Interests") under certification of counsel. Upon entry of such order, the Debtors may immediately consummate the sale of the Liquor Licenses and take any actions that are reasonable and necessary to close the transaction and obtain the sale proceeds, including, but not limited to, paying Commissions to any third party sales agents or brokers. If the De Minimis Disposition involves the abandonment of Liquor Licenses, the Debtors may abandon the Liquor Licenses without further notice, hearing or order. Although notice (other than to the Agent and the Committee as set forth above) or hearings will not be required for the Debtors to consummate a

De Minimis Disposition, the Debtors, at their discretion, may use the Sale Procedures set forth in paragraphs 2 and 3 of this Order for any such sale or abandonment. The Debtors shall maintain records of all De Minimis Dispositions and such transactions will be reported in the Monthly Report (defined below).

4. The Debtors shall provide a written report (each a "Monthly Report") within twenty (20) days after the end of each calendar month concerning any sales or transfers made pursuant to the Procedures set forth herein (including the names of the purchasing parties and the types and amounts of the sales or abandonments) to counsel to the Committee and the U.S. Trustee; provided, however, that no such reports shall be required to be provided for any month where there are no such sales, transfers or abandonments.

5. Sales of Liquor Licenses made in accordance with the Sale Procedures herein may be by private sale or by public auction, as determined by the Debtors to be most efficient under the facts and circumstances applicable to each sale.

6. Sales of Liquor Licenses pursuant to the Sale Procedures and in accordance with this Order shall be free and clear of all Interests pursuant to section 363(f) of the Bankruptcy Code, with any such Interests attaching to the net sale proceeds (to the extent the underlying security agreement provides for the continuation of such Interests and the holder of the Interest has not agreed otherwise) with the same force, validity, priority, perfection, and effect as such Interests had on the asset immediately prior to the sale. If a holder of an Interest in a Liquor Licenses did not timely object to the relief requested in the Motion, and, as applicable, does not object to the proposed sale of such Liquor Licenses in accordance with the Sale Procedures, such holder shall be deemed to have consented to any sale of the applicable Liquor Licenses pursuant to the Sale Procedures.

7. Notwithstanding anything herein to the contrary, the term "Interest" does not include state or other local laws or regulations of any governmental entity regarding the approval of any transfer or assignment of liquor licenses, or any taxes or fees specifically imposed on such liquor licenses under applicable law.

8. Sales of Liquor Licenses in accordance with the Sale Procedures shall be deemed to be arms' length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

9. All purchasers or transferees shall take Liquor Licenses sold by the Debtors pursuant to the authority granted in this Order "as is" and "where is" without any representations or warranties from the Debtors as to quality or fitness for either their intended purposes or any particular purpose.

10. Each and every federal, state and local government agency or department is hereby authorized to accept any and all documents and instruments necessary or appropriate to consummate the disposition of Liquor Licenses, including, but not limited to, liquor licenses or similar permits. The register or recorder of deeds (or other similar recording agency) is hereby authorized to accept and include a certified copy of this Order along with any other appropriate conveyance documents used to record and index the transfer of any Liquor Licenses in the appropriate public records.

11. The Debtors are authorized to pay, without further Court approval, Commissions for third party sales agents and brokers utilized in connection with any sales of Liquor Licenses pursuant to this Order.

12. Notwithstanding anything to the contrary in this Order or the Sale Procedures, none of the Debtors' insurance policies and/or any related agreements shall be sold, assigned, or

otherwise transferred pursuant to the Sale Procedures except with the express written consent of the applicable insurer.

13. Nothing in this Order shall prevent the Debtors, in their discretion, from seeking Court approval of any Proposed Sale upon notice and a hearing or, if necessary to comply with a condition on a sale or transfer imposed by a purchaser, to submit a separate order to the Court under certification of counsel to be entered without need for a hearing on the matter.

14. The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived with respect to the relief granted pursuant to this Order and each Proposed Sale conducted in accordance with this Order, and the Debtors may close Proposed Sales as set forth herein without reference to such stay.

15. The Debtors and their respective officers, employees and agents are authorized and empowered to perform all obligations, take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein or to effectuate any disposition of Liquor Licenses.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: June 22nd, 2020**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**